**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CLIFFORD ERIC BURGESS** | ] | |
| **Petitioner,** | ] | |
| | ] | |
| **v.** | ] | **No. 3:14-0015** |
| | ] | **Judge Campbell** |
| **WARDEN JERRY LESTER** | ] | |
| **Respondent.** | ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Jerry Lester, Warden of the facility, seeking a writ of habeas corpus.

On January 25, 2006, a jury in Montgomery County found the petitioner guilty of five counts of child rape. Docket Entry No. 23-1 at pgs. 55-59. For these crimes, he received an aggregate sentence of twenty five (25) years in prison. Docket Entry No. 23-5 at pgs. 35-37.

On appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 23-12. The Tennessee Supreme Court later denied the petitioner's application for additional review. Docket Entry No. 30 at pg. 4.

On August 13, 2010, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Montgomery County. Docket Entry No. 23-14 at pgs. 5-20. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs. 46-48.

1

The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief, Docket Entry No. 23-19, and, once again, the Tennessee Supreme Court rejected the petitioner's application for further review. *See* Burgess v. Tennessee, 2013 WL 1790314 (Tenn. Crim. App. 2013).

On January 3, 2014, the petitioner filed his petition (Docket Entry No. 1) for federal habeas corpus relief.[1] The Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 9) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently pending before the Court is respondent's Motion to Dismiss the petition (Docket Entry No. 22), to which the petitioner has offered a Traverse (Docket Entry No. 30). In the Motion to Dismiss, the respondent asserts that the petition was not filed in a timely manner.

A prisoner in custody pursuant to the judgment of a state court has one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review in which to file for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[2]

The petitioner was found guilty on January 25, 2006. The direct review of his conviction by

---

[1] The petition was stamped by the Clerk's Office as received on January 6, 2014. A pleading from a prisoner, however, is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petition was stamped by prison officials as outgoing mail on January 3, 2014.

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment becomes final. The other three potential dates do not apply in this case.

the state courts was concluded on January 25, 2010, the date the Tennessee Supreme Court denied petitioner's application for discretionary review. *See* Docket Entry No. 30 at pg. 4. The time for seeking direct review of a conviction, though, has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000). Therefore, the limitation period did not begin to run until April 26, 2010.[3]

On August 13, 2010, after one hundred ten (110) days had elapsed, the petitioner filed his petition for state post-conviction relief. A properly filed application for state post-conviction or other collateral review has the effect of tolling the one year limitation period for as long as the collateral proceedings remain pending in the state courts. 28 U.S.C. § 2244(d)(2).

The state post-conviction proceedings concluded on August 14, 2013, the date the Tennessee Supreme Court denied the petitioner's application for additional post-conviction review. Burgess v. Tennessee, 2013 WL 1790314 (Tenn. Crim. App. 2013). When the state post-conviction proceedings are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. Scott v. Collins, 286 F.3d 923, 926 (6th Cir. 2002). Therefore, having already expended one hundred ten (110) days of the limitation period, the petitioner was left with two hundred fifty five (255) days (365 - 110), or until April 26, 2014 in which to initiate this action.

As noted above, this action was filed on January 3, 2014. It was not, therefore, filed in an untimely manner.

---

[3] January 26, 2010 through April 25, 2010 is 90 days.

Accordingly, the Court finds that the respondent's Motion to Dismiss lacks merit and shall be denied.

An appropriate order will be entered.

Todd Campbell
United States District Judge